IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

PEDRO MENDOZA §
§
v. § C.A. No. 1:19-CV-00151-MAC
§
SONIC AUTOMOTIVE, INC. §
§

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant SAI Philpott T, LLC, d/b/a Philpott Toyota, incorrectly named by Plaintiff as Sonic Automotive, Inc. ("Defendant"), by its undersigned attorneys, hereby files this its Answer and Affirmative and Other Defenses to Plaintiff's Original Complaint and states as follows:[1]

**Parties and Service**

1. Defendant admits the allegations in paragraph 1 of the Complaint.

2. Defendant denies the allegations in paragraph 2 of the Complaint, except admits that Defendant is a business corporation.

**Jurisdiction**

3. Defendant denies the allegation in paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains a conclusion of law to which no response is required. To the extent, however, that Paragraph 4 contains any factual allegations, those allegations are denied.

---

[1] Defendant's responses to Plaintiff's allegations in the Complaint are numbered to correspond to the numbered paragraphs in the Complaint.

1

## Nature of the Action

5. Paragraph 5 of the Complaint contains a conclusion of law to which no response is required. To the extent, that Paragraph 5 contains any factual allegations, those allegations are denied. Defendant further denies that it has engaged in any unlawful employment practices as alleged in paragraph 5.

6. Defendant denies the allegations in paragraph 6 of the Complaint, except admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and that Plaintiff filed the Complaint within 90 days of his receipt of a right to sue letter.

## Facts

7. Defendant denies the allegations in paragraph 7 of the Complaint, except admits that Plaintiff was hired as a sales associate on or about November 14, 2017.

8. Defendant denies the allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint, except admits that Plaintiff's employment was terminated in July 2018 for insubordination.

## Racial Discrimination

10. Defendant denies the allegations in paragraph 10 of the Complaint and incorporates by reference herein its responses to the factual allegations in paragraphs 7-9 of the Complaint as if set out fully herein.

11. Defendant denies the allegations in paragraph 11 of the Complaint and incorporates by reference herein its responses to the factual allegations in paragraphs 7-9 of the Complaint as if set out fully herein.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

### Damages

13. Defendant denies that Plaintiff is entitled to any award of damages as alleged in paragraphs 13(a) through 13(j) of the Complaint.

### Exemplary Damages

14. Defendant denies the allegations in paragraph 14 of the Complaint.

### Jury Demand

15. Defendant admits that Plaintiff demands a trial by jury.

### Prayer

Defendant denies any factual allegations in the Prayer paragraph of the Complaint and further denies that Plaintiff is entitled to any damages as alleged in the Prayer Paragraph.

### AFFIRMATIVE AND OTHER DEFENSES

As and for its Affirmative and Other Defenses, Defendant states the following:

### FIRST DEFENSE

Plaintiff has failed, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims, in whole or in part, are barred by the unclean hands doctrine.

### THIRD DEFENSE

Plaintiff's damages, in whole or in part, are barred to the extent that he has failed to mitigate those damages.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because none of the alleged acts or omissions of Defendant were the proximate cause of any injuries allegedly sustained by Plaintiff.

## FIFTH DEFENSE

Defendant is not a proper party to this litigation.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part by Title VII's statute of limitations.

## SEVENTH DEFENSE

Plaintiff's claims are subject to arbitration under the Federal Arbitration Act because he signed at least one valid arbitration agreement during his employment.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because none of the alleged acts or omissions of Defendant were the proximate cause of any injuries allegedly sustained by Plaintiff.

## NINETH DEFENSE

Defendant may not be held liable for any alleged injuries or damages resulting from the effects of Plaintiff's preexisting emotional, psychological, or physical conditions not the result of any act or omission of Defendant.

## TENTH DEFENSE

To the extent that any recovery by Plaintiff may be either completely or substantially barred due to after-acquired evidence, such recovery must be appropriately offset.

## ELEVENTH DEFENSE

Plaintiff's claims are barred and should be dismissed to the extent they contain, or are premised on, factual allegations that are outside the scope of the EEOC Charge, which is the subject of this litigation.

## TWELFTH DEFENSE

Plaintiff's claim for exemplary damages is barred because Defendant did not act with malice or with reckless indifference to the rights of Plaintiff and because Defendant always acted in good faith with respect to Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, because Defendant's employment standards and criteria are job-related and consistent with business necessity.

## FOURTEENTH DEFENSE

All employment decisions or actions taken or made with regard to Plaintiff were at all times motivated by legitimate, non-discriminatory and lawful factors, and Defendant at no time acted in an unlawful manner in connection with any decision regarding Plaintiff. All employment decisions were based on reasonable factors other than race or any other unlawful reason.

## FIFTEENTH DEFENSE

To the extent that Plaintiff has failed to exhaust administrative remedies or to satisfy all conditions precedent, those claims must be dismissed.

## SIXTEENTH DEFENSE

Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

## SEVENTEETH DEFENSE

Plaintiff's claims for damages are subject to all applicable statutory caps and limitations.

## EIGHTEENTH DEFENSE

Defendant cannot be held liable for acts of its employees that it neither participated in, nor authorized, nor ratified.

## NINETEENTH DEFENSE

Defendant states that it would have taken the same employment action with regarding to Plaintiff in the absence of any impermissible motivating factor.

## TWENTIETH DEFENSE

Plaintiff's employment was at all time at-will.

Defendant reserves the right to assert additional defenses that may become apparent during and through discovery.

**WHEREFORE**, having fully answered Plaintiff's Complaint and having raised additional defenses thereto, Defendant respectfully requests that the Court dismiss Plaintiff's action in its entirety and with prejudice, award Defendant its costs and attorney's fees incurred in defending this action and award all other relief to which Defendant is justly entitled.

Dated: April 19, 2019

Respectfully Submitted,

**GREATHOUSE HOLLOWAY MCFADDEN PLLC**

By: _/s/ Randy J. Bruchmiller by permission_
Randy J. Bruchmiller
State Bar No. 24031889
9595 Six Pines Drive, Suite 8210
The Woodlands, TX 77380
(512) 368-8183 (Telephone)
(832) 442-5430 (Facsimile)
randy@ghmclaw.com

**ATTORNEYS FOR DEFENDANT SONIC AUTOMOTIVE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record, as listed below through (i) this court's ECF method on this 19th day of April 2019.

Thomas P. Roebuck, Jr.
Brett S. Thomas
2372 Calder
Beaumont, TX 77702

Randy J. Bruchmiller